BEN AXELROD, Landlord, v. HARRY W. RAPPOPORT, Tenant.

Municipal Court of the City of New York, Borough of Brooklyn, May 31, 1945.

*Archibald Oboler* for landlord.

*George Goldman* for tenant.

BREITBART, J. This is a holdover proceeding. The landlord prays for a final order, awarding him possession of the premises and for a warrant to remove said tenant from possession of said premises. The proceedings came on to be heard before the court and a jury on April 23, 1945, and resolved itself in a verdict in favor of the tenant. Motion was made to set the verdict aside and for a new trial and decision was reserved.

The court is constrained to deny the motion. This matter was given lengthy and careful consideration, because of the novelty of the question involved. The premises herein are a two-family house located at 820 Beverly Road, Brooklyn, New York. The tenant herein and a relative were the owners and occupants, the tenant residing in the upper apartment. The property was sold and conveyed to the landlord herein. A perusal of the contract of sale indicates that the ground floor apartment was to be vacated within three weeks after closing of title. The contract is silent as to the disposition of the upper apartment, occupied by the tenant herein. To the recollection of the court there was considerable testimony as to certain agreements and understandings between this landlord and tenant as to their future relationship and as to the continuance of the tenancy. There was evidence that the landlord assured the tenant he could remain as a tenant on a monthly basis. There was also testimony that after the passing of title, when the lower apartment became vacant, the landlord did not occupy it but rented it. There was ample and sufficient evidence from which the jury might have drawn favorable inferences that the landlord was not in good faith, fair or candid in asking for possession of the apartment for his own occupancy.

During the trial the landlord submitted as an exhibit what is commonly known as a certificate of eviction or authority granted to him by the Office of the Price Administrator — administering the Rent Regulation for Housing in the New York City Defense-Rental Area (§ 6, subd. [b]; 8 Fed. Reg. 13914, 13918 as amd.). It reads: " The Rent Director finds that subject to any conditions stated below, eviction or removal of the tenant is not inconsistent with the purposes of the Emergency Price Control Act of 1942 or of the rent regulation issued thereunder for this defense rental area. The purpose for which eviction of the tenant is authorized is solely for the occupancy of the premises by Ben Axelrod, landlord petitioner."

Subdivision (a) of section 6 of the Rent Regulation reads (8 Fed. Reg. 13917): '' So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession * * * unless: * * *.'' There are exceptions under which the landlord may move to recover possession. One of these exceptions is under paragraph (1) of subdivision (b) of section 6 and paragraph (2) of subdivision (b) of section 6. Paragraph (1) of subdivision (b) of section 6 reads (8 Fed. Reg. 13918): '' *Administrator's certificate —* (1) *Removals not inconsistent with Act or regulation.* No tenant shall be removed or evicted on grounds other than those stated above unless, on petition of the landlord, the Administrator certifies that the landlord may pursue his remedies in accordance with the requirements of the local law. The Administrator shall so certify if the landlord establishes that removals or evictions of the character proposed are not inconsistent with the purposes of the Act or this regulation and would not be likely to result in the circumvention or evasion thereof.'' Paragraph (2) of subdivision (b) of section 6 reads (8 Fed. Reg. 13918, as amd. by 9 Fed. Reg. 6360): '' (2) *Occupancy by purchaser.* A certificate shall be issued authorizing the pursuit of local remedies to remove or evict a tenant of the vendor, for occupancy by a purchaser who has acquired his rights in the housing accommodations on or after November 1, 1943, only as provided in this paragraph (b) (2).

'' (i) Where the Administrator finds that the payment or payments of principal made by the purchaser aggregate twenty per cent or more of the purchase price, he shall, on petition of either the vendor or purchaser, issue a certificate authorizing the vendor or purchaser to pursue his remedies for removal or eviction of the tenant in accordance with the requirements of the local law. Except as hereinafter provided, the certificate shall authorize pursuit of local remedies at the expiration of three months after the date of filing of the petition.''

The court is aware that under the decisions enunciated recently by the Appellate Term, Second Department, when a certificate of eviction or of authority is granted as herein, the landlord need not show good faith (*New York City Housing Authority* v. *Curington,* 181 Misc. 955; *New York City Housing Authority* v. *Awant,* 183 Misc. 823, and the cases therein cited); but such decisions have been silent whether the certificate of eviction or of authority is granted under paragraph (1) of subdivision (b) of section 6 or under paragraph (2) of subdivision

(b) of section 6 or under both exceptions. Another point is did these decisions mean to convey that if such certificate of eviction or of authority is issued, that that would *ipso facto* entitle the landlord to possession upon pursuing his remedies in accordance with the requirements of the local law? The court doubts that that was the intention, and owing to the exigency of the proposition and critical rental conditions, the Rent Control Law in this respect should be interpreted with lucidity and clarity and an unambiguous rule be laid down for the guidance of similar and future proceedings.

The certificate of eviction or authority reads: " The purpose for which eviction of the tenant is authorized is solely for the occupancy of the premises by Ben Axelrod, landlord petitioner." The court submitted the following question to the jury: " Did Ben Axelrod, the landlord, seek these premises solely for his own occupancy? Was he sincere and honest in his demand or was such request based upon ulterior motives?" The court, in order to give the benefit of the doubt as to the meaning and intention of the sections of the rent regulation heretofore stated, as interpreted by the Price Administrator in the issuance of the certificate of eviction or authority herein, charged the jury that the burden of proof was upon the tenant, to satisfy them by a fair preponderance of credible testimony that the landlord did not seek possession of the apartment solely for his own occupancy and that the landlord was not sincere in his demand for such apartment and his request was based upon ulterior motives. The jury found for the tenant. The court feels that there was justification for the verdict, which was based upon ample and sufficient evidence.

Legal research convinces the court that there is no authority in our jurisdiction squarely in point. The court found, however, a decision in point, rendered in a foreign jurisdiction, entitled *Fox* v. *Brown* (Justice Court, Glendale Township, Los Angeles Co., Cal., March 20, 1944, WOODWARD, J.; Commerce Clearing House, Price Control Cases, ¶ 51,895). " In this matter the certificate does not authorize eviction generally, but permits it only for the specified purpose of occupancy by the plaintiff. * * * Hence, although this court may not inquire as to the facts on which the certificate was issued, or as to whether the plaintiff should be permitted, under the Federal Rent Regulations, to occupy the property; or as to why he is doing so, it may properly determine whether or not he will, in fact, so occupy. The testimony was admissible on that issue. The Court may determine whether the certificate will in fact

be used for the purpose for which it was issued, and may therefore consider evidence that the landlord had listed the property for sale after the issuance of the certificate."

Motion to set aside verdict is hereby denied.